The People of the State of New York ex rel. Maurice Gold-
stein, Relator, *v.* Samuel Glass, Respondent.

Supreme Court, New York County, February 10, 1935.

*Garey & Garey* [*Earl J. Garey* and *John J. McNaboe* of counsel]
for the relator.

*William C. Dodge, District Attorney* [*Irving Tell, Deputy Assistant
District Attorney*, of counsel], for the respondent.

McGoldrick, J. This is a proceeding on a writ of habeas corpus.
Relator was charged with a violation of section 435-a cf the Penal
Law. After a hearing before a magistrate he was held for trial
before the Court of Special Sessions.

A peddler's automobile truck stopped at the curb in front of
the place of business of relator. Approximately twenty briskets
of beef were unloaded and placed on a hand truck which proceeded
along a passageway of the building toward the receiving room where
their receipt and handling were to be supervised by a *mashgiach*
or a rabbi employed by relator, and upon whose recommendation
that they were kosher depended their acceptance and purchase.
Before the hand truck reached the receiving room, however, it was
halted by a city health inspector, who found that some of the
briskets had no tag or *blumba* attached certifying the same to be
kosher.

There is involved here the construction of such section which,
so far as applicable, provides (Penal Law, § 435-a): " A person,
who, with intent to defraud sells or *exposes for sale* any meat
\* \* \* and falsely represents the same to be kosher, \* \* \*

is guilty of a misdemeanor." Relator had possession of the meat, though title thereto had not yet passed. But possession alone, minus any showing that the meat is part of a stock in trade, does not constitute an *exposure for sale*. In the circumstances here disclosed the briskets had not yet become " part of the stock of their business." In the well-reasoned opinion of Magistrate GOLDSTEIN, in *People* v. *Branfman & Son, Inc.* (147 Misc. 290, 295), it is stated: " Possession in and of itself is not exposure for sale. * * * Stock in trade * * * is merchandise *exposed for sale.* * * * It was part of the stock and, therefore, *exposed for sale.*"

This interpretation appeals to me as sound and sensible and is here adopted. " Exposure for sale " means " having in stock." Mere possession does not constitute the crime charged as in the case of a violation of section 172 of the Sanitary Code. (See *People* v. *Zeleznik,* 266 N. Y. 59.)

In view of the conclusion reached, other questions (such as, for instance, whether the briskets not so tagged were kosher) become academic and are not decided. What is decided is that the record is barren of proof to show that the offense as charged was committed. There was no sale. There was no *exposure for sale* within the purview of the statute. Consequently, the writ is sustained and relator discharged.